## JACK COOK v. STATE.

No. A-4960.   Opinion Filed April 23, 1925.
(235 Pac. 552.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Selling Liquor.** In a prosecution for selling intoxicating liquor, evidence held insufficient to sustain a conviction.

Appeal from County Court, Okfuskee County; William L. Seawell, Judge.

Jack Cook was convicted of selling intoxicating liquor, and appeals. Reversed.

E. Huser, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Okfuskee county, on the 2d day of August, 1923, Jack Cook did "unlawfully sell four pints of spirituous, vinous,

malt, fermented, and intoxicating liquor to one Bud Hendrix." He appeals from the judgment entered on the verdict finding him guilty as charged in the information and fixing his punishment at a fine of $150 and confinement in jail for 60 days.

The only ground relied on for a reversal is that the verdict is not sustained by sufficient evidence.

The state used but one witness, W. E. Hendrix, who testified that he was a taxi driver; that he saw Jack Cook one time at a joint north of Springhill; that he drove up, got out, and walked to the front door and called for four bottles of beer; that Jack Cook and some other men' were behind the bar; that he looked around in the crowd that was in the house, and when he walked back to the door there were four bottles setting there, and he laid down $2, picked up the bottles, and walked out; that he drank one bottle of the beer. Asked, was it intoxicating, answered: "I didn't get drunk. If you drank enough of it, you could get drunk on it."

When the state rested, the defendant moved for a directed verdict of acquittal in the form of a demurrer to the testimony, on the ground that the same was insufficient to show the commission of an offense.

The court directed the jury to retire, and after hearing the agument of counsel overruled the motion.

The testimony of the defendant in his own behalf was as follows:

"I live at Springhill. About that time I had been sick, and I would walk up to the joint to pass the time away. It was operated by a man called Dago. I don't know what his name is. I saw Bud Hendrix come into the house. There was a crowd there. I was standing at the south end of the bar talking to Dago, the proprietor. Hendrix called for four bottles of beer, and Dago put them on the counter.

I didn't see any money pass between them. I never worked there."

To warrant or sustain a conviction, there must be evidence sufficient to prove that an offense was committed, and also to inculpate the defendant in its commission.

Upon the record in this case, we are of the opinion that the evidence is wholly insufficient to warrant the verdict of the jury. It follows that the court erred in overruling the defendant's motion for a directed verdict of acquittal.

The judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.